893 F.2d 1335
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee.
v.
Louis Edward THOMPSON, Jr., Defendant-Appellant.
 No. 89-3223.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1990.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and FRANK J. BATTISTI, District Judge.*
 
 ORDER
 
 2
 Defendant, Louis Edward Thompson, Jr., a pro se federal prisoner, appeals the district court's denial of his motion to correct an illegal sentence filed pursuant to Fed.R.Crim.P. 35(a). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Thompson pleaded guilty to one count of theft from interstate shipment in violation of 18 U.S.C. Secs. 2 and 659. He was sentenced to five years imprisonment and a special assessment of $50.00 was imposed pursuant to 18 U.S.C. Sec. 3013(a). On motion by defendant, the district court later reduced the sentence to three years. Thereafter, Thompson, proceeding pro se, filed the instant motion to correct an illegal sentence under Fed.R.Crim.P. 35(a). It is noted that Thompson was convicted of offenses which occurred prior to November 1, 1987; thus, the older version of Rule 35 was applicable in this case.
 
 
 4
 Relying on the Ninth Circuit's opinion in United States v. Munoz-Flores, 863 F.2d 654 (9th Cir.1988), cert. granted, 110 S.Ct. 48 (1989), Thompson argued that the $50.00 special assessment should be vacated because the statute under which it was imposed was a revenue-raising measure that originated in the Senate and thus was unconstitutional under the Origination Clause, article I, Sec. 7 of the United States Constitution. The district court denied the motion. The court declined to follow the reasoning in Munoz-Flores, and upheld the statute on the ground that the special assessment was a penalty, rather than a revenue-raising tax, and thus did not have to originate in the House of Representatives. The court later denied as moot defendant's motion for an injunction and temporary restraining order.
 
 
 5
 Upon review, we affirm the district court's judgment. This court has recently rejected the reasoning of Munoz-Flores, and has upheld the constitutionality of the special assessment statute on much the same reasoning as that followed by the district court. United States v. Ashburn, 884 F.2d 901 (6th Cir.1989). We therefore conclude that the $50.00 special assessment was properly imposed in this case.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank J. Battisti, U.S. District Judge for the Northern District of Ohio, sitting by designation